**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**HUNTINGTON DIVISION**

| | |
|---|---|
| **Herman Mays Jr., on his own behalf and as next friend and parent of C.M.; Elizabeth Mays, on her on behalf and as next friend and parent of C.M.; Bethany Felinton, on her own behalf and as next friend and parent of S.F., E.F., and C.F.; Jana Tigchelaar, on her own behalf and as next friend and parent of C.T. and S.T.; and Max Nibert.** | |
| *Plaintiffs,* | **CIVIL ACTION NO.:** 3:22-cv-00085 |
| **vs.** | |
| **The Cabell County Board of Education; Ryan Saxe, in his official capacity as Superintendent of Cabell County Schools; and Daniel Gleason, in his individual capacity and in his official capacity as Principal of Huntington High School.** | |
| *Defendants.* | |

## COMPLAINT

### Introduction

1.      The Cabell County Board of Education and its school administrators systematically disregard the religious freedom of their students and institute Christian religious practices for students. For years, school system employees have violated the constitutional rights of students by promoting and advancing the Christian religion, as well as by coercing students into participating in Christian religious activity.

2.      Most recently, schools within Cabell County sponsored religious revivals during the school day. At the behest of adult evangelists, Huntington High School held an assembly for students that sought to convert students to evangelical Christianity. Some students were forced to attend. Regardless of whether attendance is mandatory or voluntary, the Defendants violate the First Amendment by permitting, coordinating, and encouraging students to attend an adult-led worship service and revival at their school during the school day. Parents and students bring this suit to stop these practices.

## Jurisdiction and Venue

3.      This action arises under the First and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

4.      This Court has jurisdiction under Article III of the United States Constitution, 28 U.S.C. § 1331, and 28 U.S.C. § 1343(a)(3)–(4).

5.      The Court is authorized to award declaratory relief under 28 U.S.C. §§ 2201 and 2202.

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 as the facts arose in the district and the defendants reside within the district.

## Parties

7.      Herman Mays, Jr. and Elizabeth Mays are the parents of C.M., a student who attends Huntington High School.

8.      Bethany Felinton is the parent of S.F. and E.F., who are students who attend Huntington High School. Felinton is also the parent of C.F., who attends Southside Elementary School.

9.      Jana Tigchelaar is the parent of C.T., a student who attends Huntington High School. Tigchelaar is also the parent of S.T., who attends Huntington Middle School.

10.     Max Nibert is a student who attends Huntington High School.

11.     Defendant Cabell County Board of Education is a municipal body and corporate entity existing under the laws of the state of West Virginia. The Cabell County Board of Education is responsible for the management of public schools within Cabell County.

12.     Defendant Ryan Saxe is the Superintendent of Cabell County Schools.

13.     Defendant Daniel Gleason is the Principal of Huntington High School, a public school within Cabell County Schools.

**Facts**

**A.  Huntington High School hosts a worship service and revival presented by Nik Walker Ministries.**

14.     Nik Walker is an evangelist who has hosted, and is currently hosting, a revival in the City of Huntington as part of a traveling ministry called Nik Walker Ministries, Inc.

15.     Nik Walker Ministries has collaborated with a local church, Christ Temple Church, to host the revival.

16.     Nik Walker Ministries is incorporated in West Virginia and is now operating out of Tennessee.

17.     The "vision and commitment" of Nik Walker Ministries is "to pursue the work of the Lord," "pursue the advancement of the Kingdom of God," and "spread the Gospel across the nation."

18.     Nik Walker Ministries seeks to infiltrate public schools and to convert students to become evangelical Christians.

19.     Cabell County Schools administrators have given Nik Walker Ministries access to students to preach to them during the school day at several schools this year.

20.     Specifically, on February 2, 2022, Cabell County Schools administrators authorized Nik Walker Ministries to conduct a religious revival in the Huntington High School auditorium during the school day.

21.     During the revival at Huntington High School, Walker preached about students needing to make a decision to follow Jesus or face eternal torment.

22.     Walker said during the assembly:

"You will remember this service. You will remember this moment. You will remember this opportunity…where you had…this chance to make it right. And you will be tormented with this memory over, and over, and over, and over, and it never ends, like its eternity. And then it's done. So I present you with a fork in the road this morning."

23.     Walker instructed the students, teachers, and others attending the assembly to bow their heads in prayer. Students were told to visualize themselves standing before Jesus. Walker said, "What's he going to say to you? Is he going to say, 'well done?'" Is he going to say, 'I don't know you.'"

24.     Walker said that students who were ready to "give your life over to Jesus, I want to pray with you in this moment." Walker said he could "see it on some of your faces, some of you are ready to give it up, and follow this man..." In response, he asked students to raise their hands.

25.     Walker then sent adult volunteers from Christ Temple Church into the crowd to pray with students who were raising their hands. He said, "if you feel a hand on your shoulder, they are going to pray with you, and agree with you, it's time to follow Jesus right now."

26.     At a further point Walker prayed, "Father, I thank you, that you are not going to let these students leave without you. You are not going to let them leave without knowing you."

27.     At another point Walker prayed, "I thank you for the revival spirit that is in this room."

28.     At one point Walker prayed, "Father, right now, we give our lives to you, we give our hearts to you. More importantly…we do your will from this point on…"

29.     Nik Walker Ministries has presented this assembly at other Cabell County schools during the school day, where it also featured adults leading a revival.

**B.  Plaintiffs C.M. and S.F. were forced to attend the Nik Walker Ministries assembly despite their opposition to the event.**

30.     C.M. is a junior at Huntington High School.

31.     For 30 minutes each day, C.M. and other students at Huntington High School are scheduled to attend homeroom, which is also called "COMPASS" by the school.

32.     Homeroom is scheduled after the first two class periods and is set to take place each day from 9:37 a.m. to 10:07 a.m.

33.     On February 2, 2022, C.M. was in Ms. Becky Nibert's classroom for homeroom. Ms. Nibert is a teacher at Huntington High School.

34.     That morning, Ms. Nibert took her entire class to the Nik Walker Ministries assembly.

35.     C.M. and other students in their class were not given an option to abstain from attending the Nik Walker Ministries assembly.

36.     C.M. immediately felt that the assembly was wrong and that they should not be forced to attend.

37.     C.M. identifies as nonreligious, and C.M. does not want their school promoting any religion or encouraging students to attend religious events.

38.     C.M. felt that they had no choice but to attend the Nik Walker Ministries assembly.

39.     C.M. observed teachers praying with church volunteers during the Nik Walker Ministries assembly. C.M. also observed that Principal Gleason was present for the assembly as were the school's assistant principals.

40.     S.F. is a junior at Huntington High School.

41.     On February 2, 2022, S.F. was in Mr. Jeff Jones's classroom for homeroom. Mr. Jones is a long-term substitute teacher at Huntington High School.

42.     That morning, Mr. Jones took his class to the Nik Walker Ministries assembly in the school auditorium instead of conducting a normal homeroom.

43.     S.F. and other students in the class were not given an option to abstain from attending the Nik Walker Ministries assembly.

44.     S.F. asked to leave and was told that they could not, as S.F.'s regular classroom was locked.

45.     S.F. is Jewish and they do not want their school promoting any religion or encouraging students to attend any religious events.

46.     S.F. observed moments during the revival when most of the students, school administrators, and others in the auditorium were standing with their arms raised in prayer.

47.     S.F. and a few other students did not participate.

48.     As a result of not participating, S.F. felt that they were being stared at and that they were a minority in the room.

**C. Plaintiff's C.T. and Max Nibert object to Cabell County Schools' approval of and administrators' participation in the Nik Walker Ministries assembly.**

49.     C.T. is a student at Huntington High School.

50.     C.T. attended school on February 2, 2022 and was aware that Nik Walker Ministries held a revival at their school during the school day.

51.     C.T. does not want their school promoting any religion or encouraging students to attend religious events, especially events that conflict with C.T.'s personal views on religion.

52.     Max Nibert attended school on February 2, 2022 and was aware that Nik Walker Ministries held a revival at his school during the school day.

53.      Max Nibert is nonreligious and left the Christian church at a young age. He does not want his school promoting any religion or encouraging students to attend religious events, especially events that conflict with his personal views on religion.

**D. Cabell County Schools maintains an actual or de facto policy or practice of permitting outside adults to promote religion and conduct religious activities directed at the Schools' students.**

54.     Cabell County Schools has repeatedly allowed teachers and outside adults to promote and conduct religious activity for students under its care.

55.     The Cabell County Board of Education and its administrators have an actual or de facto policy and practice of allowing adults into schools to preach to students.

56.     The Cabell County Board of Education and its administrators have an actual or de facto policy and practice of allowing teachers to initiate and lead religious activity for students as part of school programming.

57.     Cabell County Schools administrators are aware that religious activity at schools has been initiated and led by teachers or adults and falsely claimed to be "student-led."

58.     Despite prior warnings from the Freedom From Religion Foundation (FFRF), Cabell County Schools has repeatedly allowed adult proselytizing, prayer, and religious practices aimed at students within Cabell County Schools.

59.     On January 10, 2019, FFRF wrote to Superintendent Saxe regarding concerns that adults had created and were running religious clubs called Generation NXT within Cabell County Schools.

60.     FFRF's January 10, 2019 letter concluded, "Please inform us promptly of the steps you are taking to address this matter." FFRF sent a follow-up letter to Superintendent Saxe on March 14, 2019, which said, "We request a written response from you as to what actions have been taken to resolve these concerns."

61.     Cabell County Schools did not respond to these January and March 2019 letters from FFRF.

62.     In recent years, FFRF reported to Superintendent Saxe other problems with teachers or adults promoting religion to students.

63.     FFRF received responses to those reports from the General Counsel for Cabell County Schools.

64.     FFRF reported numerous other problems with adults promoting religion to students at school to Superintendent Saxe's predecessor, William A. Smith.

65.     In a March 30, 2017 letter, FFRF reported to Cabell County Schools two separate religious assemblies that were held during the school day at Huntington High School.

66.     Despite FFRF's prior warnings, and any remedial measures that Cabell County Schools said it was taking, adults have continued to promote religion to Cabell County students during the school day, including through religious assemblies.

67.     Cabell County School administrators and the Board have not taken sufficient action to stop adults from preaching to students at school and at school-sponsored activities.

68.     Cabell County School administrators and teachers have participated and encouraged adult-led religious activity within schools.

69.     Cabell County School teachers have not received proper training and supervision relating to adult-led religious activity within schools.

70.     This history demonstrates the existence of an actual or de facto policy or practice of permitting outside adults to promote religion and conduct religious activities directed at the Schools' students during the school day or at school-sponsored events.

**E.  Consistent with its policy or practice, Cabell County Schools permitted the Nik Walker Ministries assemblies to occur in its schools.**

71.     The Nik Walker Ministries assembly was largely organized and conducted by adults.

72.     Huntington High School generally does not permit student groups to host school-wide assemblies in the auditorium during the school day that are led by adults unaffiliated with the school.

73.     At the time that the Nik Walker Ministries assembly was held, co-curricular student clubs were not fully operational at Huntington High School because of Covid-19 protocols.

74.     Principal Gleason approved of the Nik Walker Ministries assembly before it was held.

75.     Principal Gleason attended the Nik Walker Ministries assembly.

76.     Principal Gleason observed that the Nik Walker Ministries assembly was an evangelical revival.

9

77.     Principal Gleason observed that the revival was not student-led.

78.     Principal Gleason allowed the Nik Walker Ministries assembly to continue despite observations that the assembly was evangelical and not student-led.

79.     Huntington East Middle School held separate Nik Walker Ministries assemblies on Feb. 1, 2022.

80.     Upon information and belief, the Huntington East Middle School assemblies were requested by a staff member of the school.

81.     Upon information and belief, some students who attended the Nik Walker Ministries assemblies at Huntington East Middle School did not do so voluntarily.

82.     Parents of Huntington East Middle School students were not informed that Nik Walker Ministries was hosting assemblies at the school.

83.     The Cabell County Board of Education has inadequate policies in place to prevent the Nik Walker Ministries assembly from occurring again at schools within Cabell County.

84.     The Plaintiffs, as parents of students and students attending schools in Cabell County, are likely to be subjected to similar religious assemblies in the future unless the Defendants undertake significant policy changes.

**F.  Responses to the Nik Walker Ministries assembly demonstrate the need for injunctive relief.**

85.     Many students at Huntington High School were upset that the school approved the Nik Walker Ministries assembly and that some students were required to attend.

86.     Huntington High School's handling of the Nik Walker Ministries assembly has caused a great divide among students and others in the community.

87.     Herman Mays Jr., Bethany Felinton, and Jana Tigchelaar each made public statements expressing disapproval of the school's actions related to the Nik Walker Ministries assembly.

88.     After publicly expressing disapproval, the homes of Mays, Felinton, and Tigchelaar each received proselytizing literature that was either mailed or hand-delivered to their mailboxes.

89.     On February 9, 2022, Max Nibert organized a walkout during the school day as a form of protest. More than 100 students participated in the protest.

90.     C.M., S.F., and C.T. participated in the walkout.

91.     Nibert has worked to prevent similar constitutional violations from occurring in his school.

92.     Cabell County Schools has announced that it will undertake an "investigation" related to the Nik Walker Ministries assembly at Huntington High School. However, the school system has not indicated that it will change its policies, training, or supervision of employees.

93.     Upon information and belief, the Cabell County Schools "investigation" has sought to proclaim the Nik Walker Ministries events as largely "voluntary" and that some teachers simply were mistaken in requiring their classes to attend.

94.     Unless Cabell County Schools undertakes policy changes, training, and monitoring, similar violations are likely to occur.

95.     The Plaintiffs, as parents of students and students attending schools in Cabell County, seek significant policy changes, training of employees, and supervision of employees in order to protect the constitutional rights of students.

**G. Absent injunctive relief, outside groups like Nik Walker Ministries will continue to engage in tactics that provide them an audience with students of Cabell County Schools.**

96.     Nik Walker Ministries continues to seek access to students in public schools in West Virginia.

97.     After students at Huntington High School made public objections to the revival that was held at their school, Nik Walker Ministries has sought to covertly continue its public school programs.

98.     On February 8, Nik Walker Ministries posted a video to its Facebook page with the caption, "Jewell City Revival Update!" In the video, Walker says, "We just got back from Tolsia High School. So we just did an event in Tolsia. I don't have any pictures to show you because we didn't want to put those on the internet."

99.     Nik Walker uses deception as a tool to further his ministry, including through grandiose claims that Walker has participated in miraculous healings.

100.     On July 26, 2021, Nik Walker was featured in a video with Pastor Perry Stone, where Walker claimed that he helped baptize a man with a "withered hand." Walker claims the man's hand was miraculously healed by the baptism. Walker showed X-rays that he claimed were the "before" and "after" images of the man's hand. A video clip is available here: https://twitter.com/i/status/1420021562791925768 (Last accessed Feb. 10, 2022).

101.     In actuality, the X-rays were images of hands from several Chinese children who suffer from Kashin-Beck disease, which were published in a 2018 *Scientific Reports* article. (See Song, QQ., Liu, H., Lian, W. *et al.* The characteristics of positive and confusing hand X-ray signs in diagnosing Kashin–Beck Disease in children in China. *Sci Rep* 8**,** 3277 (2018). https://doi.org/10.1038/s41598-018-21675-5 )

102.    In addition, Walker has incorrectly implied that if a student invites him to her school it provides him with legal license to preach to other students in the school setting.

103.    The Plaintiffs seek an injunction to ensure that ministers who mislead Cabell County Schools' administrators about the nature of their programs will not be permitted to have access to students during the school day.

## Count One

**42 U.S.C. § 1983 – Deprivation of Plaintiffs' First Amendment Rights by Defendants**

104.    The foregoing averments of this Complaint are incorporated by reference.

105.    By sponsoring a worship service and revival during the school day, Defendants and their agents or employees violate the Establishment Clause of the First Amendment, which is incorporated to the states by the Fourteenth Amendment to the United States Constitution.

106.    By endorsing and advancing religion through the Nik Walker Ministries assembly, Defendants have deprived Plaintiffs of rights secured by the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

107.    Defendants' policies, customs, and actions, as described herein, have no legitimate secular purpose, and instead have the purpose to advance Christianity.

108.    Defendants' policies, customs, and actions have the effect of advancing and endorsing Christianity over all other religions and religion in general over nonreligion.

109.    Defendants' actions improperly entangle the state in religious matters and beliefs.

110.    Defendants violated C.M. and S.F.'s rights of conscience and their First Amendment rights by subjecting them to unwanted religious exercises. Defendants also illegally coerced C.M. and S.F. into attending and participating in a religious activity.

111.    Defendants' practice violates well-established United States Supreme Court precedent, including *McCollum v. Board of Education*, 333 U.S. 203 (1948) and *School District of Abington Township v. Schempp,* 274 U.S. 203 (1963).

112.    The Defendants' policies and practices encroach on the parental rights of each parent plaintiff related to decisions regarding the religious or nonreligious upbringing of their children.

113.    Defendants' actions as described herein are acts and conduct performed under color of law within the meaning of 42 U.S.C. § 1983.

114.    Defendants' unconstitutional acts described herein, if allowed to continue, will irreparably harm Plaintiffs.

115.    Defendants' conduct, as described herein, unless enjoined, will cause, a deprivation of constitutional rights in violation of the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

## Request for Relief

WHEREFORE, Plaintiffs respectfully request the following relief from this Honorable Court:

A.    A declaratory judgment declaring that

    a.    Defendant's authorization of the Nik Walker Ministries assemblies, as described above, violates the Establishment Clause of the First Amendment;

    b.    Defendant's custom, policy, and practice, as alleged above, violates the Establishment Clause of the First Amendment;

B.    A permanent injunction, enjoining Defendants, including Defendant's agents, from:

    a.   Sponsoring religious assemblies and other religious worship services during the school day;

    b.   Conducting or promoting Nik Walker Ministries assemblies and other adult-led religious activities to students during the school day; and

    c.   Participating in Nik Walker Ministries assemblies and other religious activities with students during the school day.

C.    Entry of judgment for Plaintiffs against each Defendant for nominal damages in the amount of $1 to each Plaintiff.

D.    Costs and attorney's fees pursuant to 42 U.S.C. § 1988; and

E.    Such other relief as this Honorable Court deems just and proper.

Respectfully Submitted,

*/s/ Marcus B. Schneider*
Marcus B. Schneider, Esq.
W.V. I.D. No. 12814
STEELE SCHNEIDER
420 Fort Duquesne Blvd., Suite 500
Pittsburgh, PA 15222
412-235-7682
marcschneider@steeleschneider.com

Patrick C. Elliott*
Christopher Line*
Freedom From Religion Foundation, Inc.
10 N. Henry St.
Madison, WI 53703
608-256-8900
patrick@ffrf.org
chris@ffrf.org
* Visiting Attorney Application Pending

Kristina Thomas Whiteaker
W.V. I.D. No. 9434
The Grubb Law Group

1114 Kanawha Boulevard East
Charleston, WV 25301
304-345-3356
kwhiteaker@grubblawgroup.com