IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

**Herman Mays, Jr., on his own behalf and as
next friend and parent of C.M.; Elizabeth
Mays, on her own behalf and as next friend
and parent of C.M.; Bethany Felinton, on her
own behalf and as next friend and parent of
S.F., E.F., and C.F.; Jana Tigchelaar, on her
own behalf and as next friend and parent of
C.T. and S.T., and Max Nibert,**

    **Plaintiffs,**

**v.**                                      **Civil Action No. 3:22-cv-00085**

**The Cabell County Board of Education;
Ryan Saxe, in his official capacity as
Superintendent of Cabell County Schools;
Daniel Gleason, in his individual and in his
official capacity as Principal of Huntington
High School, and Jeff Jones, in his individual
capacity and in his official capacity as a Cabell
County Schools teacher,**

    **Defendants.**

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION FOR PROTECTIVE ORDER AND TO STAY DISCOVERY**

Now come Defendants the Cabell County Board of Education ("CCBOE"), Ryan Saxe and

Daniel Gleason, by counsel Perry W. Oxley, David E. Rich, Brian D. Morrison, Paula J. Roberts

and the law firm Oxley Rich Sammons, PLLC, and pursuant to Rule 26 of the *Federal Rules of

Civil Procedure*, move this Court for a protective order and/or stay of discovery in this matter

pending the trial court's decision and resolution of the motions to dismiss previously filed by

Defendants.   In further support hereof, Defendants state as follows:

## I.      BRIEF FACTS

In February 2022, Plaintiffs filed their lawsuit against Defendants Cabell County Board of Education, Dr. Ryan Saxe and Daniel Gleason.  Plaintiffs subsequently amended their Complaint to add Jeff Jones as a defendant to this matter.  [ECF No. 16].  Subsequently, each Defendant filed a Motion to Dismiss and Memorandum of Law in support of the same seeking dismissal of the claims against said Defendant. [ECF Nos. 19-24, 43]. The individual defendants Saxe, Gleason and Jones asserted, among other things, the defense of qualified immunity *Id*.  Thereafter, following initial Rule 26 disclosures, Plaintiffs served written discovery upon Defendant Cabell County Board of Education.  [ECF No. 51].

## II.     LEGAL ANALYSIS

In the instant matter, a stay of discovery pending resolution of the motions to dismiss is proper and appropriate, as the same promotes judicial economy as well as economy of the parties. The same also permits the parties to potentially avoid any discovery should the motions to dismiss be granted in whole or streamlined significantly if the motion is granted in part.

The notion of staying discovery with a pending motion to dismiss is certainly not foreign to American jurisprudence.  Precedent from the Supreme Court indicates a preference toward staying discovery pending a resolution of a motion to dismiss. See, *Pearson v. Callahan*, 555 U.S. 223, 232 (2009).

### A      General overview permitting court to grant motion to stay

Rule 26(c)(1) of the *Federal Rules of Civil Procedure* provides:

A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . .  The court may, for good cause, issue an order to protect a party or person from . . . undue burden or expense, including one or more of the following:

(A) forbidding the disclosure of discovery;

(B) Specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery . . .

**B.       Factors to consider in granting a motion to stay**

The Court looks to several factors regarding a motion to stay discovery which include:

(1) the type of motion, (2) whether the motion is a legal challenge or dispute over the sufficiency of allegations, (3) the nature and complexity of the action, (4) whether counterclaims and/or cross-claims have been interposed, (5) whether other parties agree to the stay, (6) the posture or stage of the litigation, (7) the expected extent of discovery in light of the number of parties and complexity of the issues in the case, [(8)] and any other relevant circumstances.

*Blankenship v. Trump*, Civ. Act. No. 2:19-cv-549, 2020 WL 748874 *2 (S.D. W.Va. Feb. 13, 2020); *Tuell v. Deere Credit Servs., Inc.*, Civ. Act. No. 2:17-02715, 2017 WL 11249436, at *1 (S.D. W.Va. Oct. 4, 2017).   However, when considering whether to grant a motion to stay discovery, the court looks to a three-factor analysis which include "(1) the interests of judicial economy, (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." *Slone v. State Auto Prop. & Cas. Ins. Co.*, Civ. Act. No. 2:19-cv-408, 2019 WL 4733555, at *1 (S.D. W.Va. Sept. 26, 2019).

1.   Nature or Type of Pending Motions

The pending motions are those seeking dismissal of the suit pursuant to Rule 12(b)(6), in whole or in part but, nonetheless, most certainly streamlining discovery or eliminating the need for the same altogether.  Because a ruling favorable to Defendants will likely decide the case as to that movant, such a motion is dispositive and, thus, is appropriate in that it completely resolves the case without any need for discovery.  Such a motion "streamlines litigation by dispensing with needless discovery and factfinding." *Blankenship*, *2, quoting *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).  Thus, in the event the motions to dismiss are granted, any resources devoted to the time-consuming and expensive discovery process would be fruitless," *Blankenship*, at *2, citing

3

*Bragg v. United States*, Civ. Act. No. 2:10-0683, 2010 WL 3835080 (S.D. W.Va. Sept. 29, 2010), or in the very least, significantly streamlined and limited.

2. <u>Nature, Complexity and Extent of Discovery</u>

Plaintiffs' allegations, and discovery requests, seek information going back many years spanning several different assemblies or events to which they draw objection.  This will potentially seek extensive document production or, in the very least, record review in an attempt to provide responses to the discovery.  Additionally, the discovery may also involve objections to records unrelated to Plaintiffs' claims, including some documents or information regarding the identity of minor children who are not parties to this civil action.  While the nature of the case is not entirely complex, the number of plaintiffs (11) and defendants (4) does tend to complicate discovery in this case, magnified by Plaintiffs' requests seeking historical information.

3. <u>Posture of Litigation</u>

The litigation is in its infancy, with the Amended Complaint having been filed and service perfected upon the last defendant, Jeff Jones, in late May 2022.  "Granting a stay is more appropriate when the action is early in the litigation process."  *Blankenship*, at *4.[1]

4. <u>Economy and impact upon Defendants</u>

The issue of economy takes into consideration the interests of judicial economy as well as that of the parties.  The interest of judicial economy favor reducing the burden of discovery and disputes over the same which often arise.  Separately, the interests of economy also favor "reducing the burden of discovery on parties when the motion to dismiss raises potentially dispositive legal issues and 'the resolution of which <u>may obviate the need for or limit discovery in this case</u>.'"

---

[1] To be certain, the *Blankenship* court also eliminated any argument that the defendant had waived its right to request a stay simply because the issue was not raised prior to the conclusion of the Rule 26 disclosures.  *Id*. at *4.

4

*Blankenship*, at *4, quoting "*Slone*, 2019 WL 4733555, at *1 (emphasis added). In other words, where the motions to dismiss raise potentially dispositive issues which will either resolve the case altogether or, in the least, dismiss portions of the case, a stay of discovery until the motions can be resolved furthers the goal

      Defendants further contend that they will be prejudiced if the court permits discovery to continue to only later dismiss the Amended Complaint, as they would have spent countless hours responding or objecting to the discovery requests, thus causing the expense of significant resources and disclosing potentially private information who may have never been entitled to such information is the motions to dismiss are granted. Additionally, Mr. Jones is an educator, while Dr. Saxe and Mr. Gleason are administrators. Meanwhile, the Cabell County Board of Education, a political subdivision pursuant to *West Virginia Code* § 29-12A-3(c), should not be saddled with the burden of answering discovery which may be unnecessary as a result of the dismissal of claims, in whole or in part. The Cabell County Board of Education naturally relies upon its employees to provide information responsive to discovery and, as a result, would be pulling those employees away from their work in education and administration to be spent responding to discovery which may be needless.

     5.  <u>Prejudice</u>

      There is also no prejudice to Plaintiffs for a stay of discovery pending the decision and resolution of Defendants' Motions to Dismiss. There is still ample time to conduct discovery, and no party will be deprived of that right while awaiting the court's decision on the pending motions. In the instant matter, the plaintiffs have alleged a single $1 of damages. The event made the basis of this civil action occurred on February 2, 2022, at which none of Plaintiffs, save two, were present. Plaintiffs have not alleged, nor is there is any claims, of any similar events scheduled for

any schools in the future.   In other words, there is zero prejudice to Plaintiffs for the delay in discovery pending resolution of the legal issues and dispositive motions.

On the other hand, without a stay, Defendants are exposed to participating in discovery all while the likelihood that the claims will be dismissed via dispositive motion or, alternatively, that some of the claims dismissed such that discovery on those claims would be irrelevant, immaterial and a waste of parties' resources.

Moreover, in many instances, suits arising out of an incident that occurred in February 2022 would not have even been filed yet given the applicable statute of limitations.   Yet in this instance, suit has been filed, the Complaint amended, and dispositive motions filed with Plaintiffs' responses to the same all within the time period when many lawsuits arising out of incidents from seven months early had not yet even been filed.   Thus, waiting on the Court's ruling on the dispositive motion does not threaten that evidence or documents will be lost or witnesses on longer be found.   Hence, there is no prejudice to any of the parties for a delay while awaiting the Court's decision on the pending dispositive motions.

### C.   Stay of discovery is warranted and necessary

In the instant matter, when looking at the foregoing factors, stay of discovery is warranted in this civil action and is an appropriate exercise of the court's discretion.   *Landis v. North Am. Co.*, 299 U.S. 248 (1936).   A stay of discovery in this matter is also in line with Rule 26(c)(1) of the *Federal Rules of Civil Procedure* which permits a court to limit the scope, timing and sequence of discovery "to protect a party from annoyance, embarrassment, oppression, or undue burden or expense."   See, *Crawford-El v. Britton*, 523 U.S. 574, 599 (1998).   In *Crawford-El*, the Supreme Court held the trial court must "exercise its discretion so that [public] officials are not subjected to unnecessary and burdensome discovery or trial proceedings" and if the defendant pleads a defense

of qualified immunity, "the district court should resolve that threshold question before permitting discovery."  523 U.S. at 598, citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

This Court has somewhat recently addressed the issue of a stay of discovery pending a dispositive motion.  In *Lattea v. Vanderbilt Mortgage & Finance, Inc.*, Civ. Act. No. 3:19-0375, 2019 WL 5212909, *1 (S.D. W.Va. Oct. 16, 2019), this Court found that when a party presents a meritorious motion to dismiss, that is "often sufficient for staying proceedings," citing, *Slone v. State Auto*, supra.

This same sentiment has been expressed throughout the various district courts in the Southern District of West Virginia.  In *Citynet, LLC v. Frontier West Virginia Inc.* Civil Action No. 2:14-cv-15947, 2016 WL 6133844, at *1 (S.D. W.Va. Oct. 19, 2016), Judge Copenhaver, in on of his many cases granting a motion to stay discovery pending resolution of dispositive motions, granted the motion to stay discovery "in light of the assertion of qualified immunity by some of the defendants" and despite the plaintiff's assertion that the pending motions "are not likely to fully resolve the case."   Judge Copenhaver further explained in *United States v. Daily Gazette Co.*, Civ. Act. No. 2:07-0329, 2007 WL 7575700, at *2 (S.D. W.Va. Oct. 18, 2007) that "[a] stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." See also, *Blankenship v. Trump, supra*, at *2; *Chavous v. District of Columbia Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005), which contained the exact same language used in *Daily Gazette*.  Meanwhile, in *Rowe v. Citibank, N.A.,* Civ. Act. No. 5:13-21369, 2015 WL 1781559 (S.D. W. Va. Apr. 17, 2015) and again in *Oakley v. Coast Professional, Inc.*, Civ Act. No. 1:21-0021, 2021 WL 3520539 (S.D. W.Va. Aug. 10, 2021), Judge Faber likewise granted a stay of discovery while a motion to dismiss was pending.

This same concept is also established in the Northern District of West Virginia.  In *Sheehan v. United States*, Civ. Act. No. 5:11-cv-170, 2012 WL 1142709 (N.D. W.Va. Apr. 4, 2012), Judge Stamp likewise stayed discovery pending resolution of the dispositive motions. Of course, the rationale behind a stay of discovery while dispositive motions are pending are straightforward – it "allows the court 'to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources.'"  *Rowe, *2.  quoting *United States v. Daily Gazette*, * 2.

In the instant matter, the dispositive motions which are pending are from either a political subdivision or government officials.  When government officials are defendants, such as here, a stay of discovery also eliminates the burdens placed upon said officials charged with answering, responding to and participating in formal discovery, thereby allowing them to focus on their work rather than deflecting their focus onto the lawsuit until such time as the defenses raised in the motion to dismiss have been fully briefed and decided by the Court.  In essence, it allows them to focus on their task at hand until such time as they must respond to the discovery; however, if the claims are dismissed, in whole or in part, then the discovery need not be answered, thereby taking the officials away from their public duties, or discovery is streamlined only towards those claims which would survive.  In either instance, it is this type of protection against the potential wasting of valuable resources, especially in the public sector, that leans heavily towards staying discovery while the dispositive motions are pending.

    **D.**    <u>**Certification**</u>

Finally, and in accordance with Rule 26(c), the undersigned advises the Court that he reached out to Plaintiffs' counsel via email on September 19, 2022 and again on September 22, 2022 to inquire if Plaintiffs were agreeable to a temporary stay of discovery while the dispositive motions were pending.  Unfortunately, Plaintiffs responded via email dated September 23, 2022

that they were not agreeable to the same.  Accordingly, Defendants filed their Motion and this Memorandum of Law seeking a Protective Order and Stay of Discovery.

### III.    CONCLUSION

For the reasons above, Defendants respectfully request this Court enter a Protective Order which stays discovery in this matter until resolution of the pending motions to dismiss.  Given that the Amended Complaint was only recently filed, this motion, made in the early stages of litigation, is timely.  No party will be unfairly prejudiced by the granting of this motion, although all parties will unnecessarily expend time, money and resources in responding to discovery should the Court grant the motions to dismiss, in whole or in part, responding to needless discovery.  Because Defendants are all public officials and/or public employees, it is in the best interest for all involved, and the public in general, to have the motions to dismiss resolved prior to moving forward with discovery.

CABELL COUNTY BOARD OF
EDUCATION, RYAN SAXE and DANIEL
GLEASON,
By Counsel

/s/ Brian D. Morrison
Perry W. Oxley (WVSB #7211)
David E. Rich (WVSB #9141)
Brian D. Morrison (WVSB #7489)
Paula Jo Roberts (WVSB # 13457)
Oxley Rich Sammons, PLLC
P.O. Box 1704
Huntington, WV 25718-1704
304-522-1138
poxley@oxleylawwv.com
drich@oxleylawwv.com
bmorrison@oxleylawwv.com
proberts@oxleylawwv.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

**Herman Mays, Jr., on his own behalf and as
next friend and parent of C.M.; Elizabeth
Mays, on her own behalf and as next friend
and parent of C.M.; Bethany Felinton, on her
own behalf and as next friend and parent of
S.F., E.F., and C.F.; Jana Tigchelaar, on her
own behalf and as next friend and parent of
C.T. and S.T., and Max Nibert,**

      **Plaintiffs,**

**v.**                                                                              **Civil Action No. 3:22-cv-00085**

**The Cabell County Board of Education;
Ryan Saxe, in his official capacity as
Superintendent of Cabell County Schools;
Daniel Gleason, in his individual and in his
official capacity as Principal of Huntington
High School, and Jeff Jones, in his individual
capacity and in his official capacity as a Cabell
County Schools teacher,**

      **Defendants.**

## CERTIFICATE OF SERVICE

      The undersigned counsel for Defendants served the foregoing **MEMORANDUM OF
LAW IN SUPPORT OF DEFENDANTS' MOTION TO STAY DISCOVERY**" via
electronic filing upon the following counsel of record on this 29th day of September 2022.

Marcus B. Schneider
Steele Schneider
420 Ford Duquesne Blvd., Suite 500
Pittsburgh, PA  15222

Patrick C. Elliott
Christopher Line
Freedom From Religion Foundation, Inc.
10 N. Henry Street
Madison, WI  53703

Kristina Thomas Whitaker
The Grubb Law Group
1114 Kanawha Boulevard East
Charleston, WV  25301

Jan L. Fox
Ancil G. Ramey
Michelle E. Gaston
Steptoe & Johnson, PLLC
P.O. Box 1588
Charleston, WV  25326-1588

/s/ Brian D. Morrison
Perry W. Oxley (WVSB #7211)
David E. Rich (WVSB #9141)
Brian D. Morrison (WVSB #7489)
Paula Jo Roberts (WVSB # 13457)
Oxley Rich Sammons, PLLC
P.O. Box 1704
Huntington, WV 25718
304-522-1138
poxley@oxleylawwv.com
drich@oxleylawwv.com
bmorrison@oxleylawwv.com
proberts@oxleylawwv.com