## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### Huntington Division

**HERMAN MAYS, JR.**, on his own behalf and
as next friend and parent of C.M.; **ELIZABETH
MAYS**, on her own behalf and as next friend and
Parent of C.M.; **BETHANY FELINTON**, on her
own behalf and as next friend and parent of S.F.,
E.F., AND C.F.; **JANA TIGCHELEAR**, on her
own behalf and as next friend and parent of C.T.
and S.T.; and **MAX NIBERT**,

     *Plaintiffs,*

**v.**           **CIVIL ACTION NO.: 3:22-cv-00085**

**THE CABELL COUNTY BOARD OF EDUCATION;
RYAN SAXE**, in his official capacity as Superintendent
of Cabell County Schools; **DANIEL GLEASON**, in his
individual capacity and in his official capacity as
Principal of Huntington High School; and **JEFF JONES**
in his individual capacity and in his official capacity as
a Cabell County Schools Teacher,

     *Defendants.*

### <u>ANSWER OF JEFF JONES, IN HIS INDIVIDUAL CAPACITY,<br>TO AMENDED COMPLAINT</u>

  **COMES NOW** the Defendant, Jeff Jones, in his individual[1] capacity, by and through his

attorneys, Jan L. Fox, Esquire, Ancil G. Ramey, Esquire, Michelle E. Gaston, Esquire and the law

firm of Steptoe & Johnson PLLC, and for his Answer to Plaintiffs' Amended Complaint, states as

follows:

### FIRST DEFENSE

The Amended Complaint fails to state a claim upon which relief may be granted.

---

[1] The Court granted Defendant Jeff Jones' Motion to Dismiss the claim against him in his official
capacity but denied the remainder of his Motion.  [*See* 12/13/22 Memorandum Opinion and Order, ECF.
No. 70.]

**SECOND DEFENSE**

In specific response to the allegations contained in the Amended Complaint, Jeff Jones states as follows:

**<u>Introduction</u>**

1.      The statements and allegations contained in paragraph 1 of Plaintiffs' Amended Complaint appear directed toward another Defendant such that no response is required. To the extent the statements and allegations are directed toward this Defendant, this Defendant denies the statements and allegations contained in paragraph 1 of Plaintiffs' Amended Complaint.

2.      The statements and allegations contained in paragraph 2 of Plaintiffs' Amended Complaint appear directed toward another Defendant such that no response is required. To the extent the statements and allegations are directed toward this Defendant, this Defendant denies the statements and allegations contained in paragraph 2 of Plaintiffs' Amended Complaint.

3.      The Defendant denies the statements and allegations contained in paragraph 3 of the Plaintiffs' Amended Complaint. It was two students, not adult evangelists, who requested the assembly for purposes of informing, not converting, other students about Christianity, and no student was forced to attend the assembly.

4.      Paragraph 4 of Plaintiffs' Amended Complaint is introductory in nature and requires no response. To the extent a response is required, the Defendant denies the statements and allegations contained in paragraph 4 of the Amended Complaint.

**<u>Jurisdiction and Venue</u>**

5.      Paragraph 5 of Plaintiffs' Amended Complaint is introductory in nature and requires no response. To the extent a response is required, the Defendant denies the statements and allegations contained in paragraph 5 of the Amended Complaint.

6.      The Defendant denies the statements and allegations contained in paragraph 6 of Plaintiffs' Amended Complaint.

7.      The Defendant denies the statements and allegations contained in paragraph 7 of Plaintiffs' Amended Complaint.

8.      The Defendant submits that the statements and allegations contained in paragraph 8 of Plaintiffs' Amended Complaint contain a question of law which requires no response. To the extent a response is required, the Defendant, upon information and belief, admits the statements and allegations contained in paragraph 8 of the Amended Complaint.

**Parties**

9.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 9 of the Amended Complaint.

10.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 10 of the Amended Complaint.

11.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 11 of the Amended Complaint.

12.     Upon information and belief, the Defendant denies the statements and allegations contained in paragraph 12 of the Amended Complaint.

13.     The statements and allegations contained in paragraph 13 of Plaintiffs' Amended Complaint contain questions of law which require no response. To the extent a response is required, the Defendant, upon information and belief, admits the statements and allegations contained in paragraph 13 of the Amended Complaint.

14.     Upon information and belief, the statements and allegations contained in paragraph 14 of the Plaintiffs' Complaint are admitted.

15.     Upon information and belief, the statements and allegations contained in paragraph 15 of the Plaintiffs' Complaint are admitted.

16.     The statements and allegations contained in paragraph 16 of Plaintiffs' Amended Complaint are admitted.

**Facts**

17.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 17 of the Amended Complaint.

18.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 18 of the Amended Complaint.

19.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 19 of the Amended Complaint.

20.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 20 of the Amended Complaint.

21.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 21 of the Amended Complaint.

22. The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 22 of the Amended Complaint.

23. The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 23 of the Amended Complaint.

24. The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 24 of the Amended Complaint.

25. The Defendant denies the statements and allegations contained in paragraph 25 of the Amended Complaint as two students requested to have the assembly.

26. Upon information and belief, the statements and allegations contained in paragraph 26 of the Amended Complaint are denied.

27. Upon information and belief, the statements and allegations contained in paragraph 27 of the Amended Complaint are admitted.

28. The statements and allegations contained in paragraph 28 of the Amended Complaint are admitted.

29. The statements and allegations contained in paragraph 29 of the Amended Complaint are admitted.

30. The statements and allegations contained in paragraph 30 of the Amended Complaint are admitted.

31. The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 31 of the Amended Complaint as to Principal Gleason's knowledge and the event's organization. In further response to paragraph 31 of the Amended Complaint, the Defendant admits that Principal Gleason approved the assembly.

32. The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 32 of the Amended Complaint as to Principal Gleason's actions. In further response to paragraph 32 of the Amended Complaint, the Defendant admits that the assembly was scheduled to occur on February 2, 2022.

33. The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 33 of the Amended Complaint.

34. The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 34 of the Amended Complaint.

35.     The Defendant denies the statements and allegations contained in paragraph 35 of the Amended Complaint as students signed the list to attend the assembly.

36.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 36 of the Amended Complaint.

37.     The Defendant submits that the statements and allegations contained in paragraph 37 of Plaintiffs' Amended Complaint contain a question of law which requires no response. To the extent a response is required, the Defendant denies the statements and allegations contained in paragraph 37 of the Amended Complaint.

38.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 38 of the Amended Complaint.

39.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 39 of the Amended Complaint.

40.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 40 of the Amended Complaint.

41.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 41 of the Amended Complaint.

42.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 42 of the Amended Complaint.

43.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 43 of the Amended Complaint.

44.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 44 of the Amended Complaint.

45.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 45 of the Amended Complaint.

46.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 46 of the Amended Complaint.

47.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 47 of the Amended Complaint as he does not know the identity of C.M.

48.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 48 of the Amended Complaint as to C.M. In further

response to paragraph 48 of the Amended Complaint, the Defendant admits the statements and allegations regarding COMPASS.

49.     Upon information and belief, the statements and allegations contained in paragraph 49 of the Plaintiffs' Complaint are admitted.

50.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 50 of the Amended Complaint as he does not know the identity of C.M.

51.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 51 of the Amended Complaint.

52.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 52 of the Amended Complaint as he does not know the identity of C.M.

53.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 53 of the Amended Complaint as he does not know the identity of C.M.

54.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 54 of the Amended Complaint as he does not know the identity of C.M.

55.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 55 of the Amended Complaint as he does not know the identity of C.M.

56.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 56 of the Amended Complaint as he does not know the identity of C.M.

57.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 57 of the Amended Complaint.

58.     Upon information and belief, the statements and allegations contained in paragraph 58 of Plaintiffs' Amended Complaint are admitted.

59.     Upon information and belief, the statements and allegations contained in paragraph 59 of Plaintiffs' Amended Complaint are admitted.

60.    Upon information and belief, the statements and allegations contained in paragraph 60 of Plaintiffs' Amended Complaint are admitted.

61.    Upon information and belief, the Defendant denies the statements and allegations contained in paragraph 61 of the Amended Complaint as he told his class on the day before the assembly that if anyone did not wish to attend, he would find an alternate room for them to occupy during the assembly.

62.    The Defendant denies the statement and allegations contained in paragraph 62 of the Amended Complaint as (a) the Defendant asked his class before departing the assembly, "Is there anyone who doesn't want to go?"; (b) one student raised their hand and the Defendant assumed the student did not attend as the Defendant had indicated attendance was not mandatory; (c) due to the Defendant's ambulatory difficulties due to ALS, his students did not accompany him to the assembly, but either went there on their own, or to other locations in the school; and (d) while at the assembly, the Defendant's students sat wherever they chose, with two students attending the assembly, three students going to the alternate classroom, and one student's location unknown. S.F. was one of the two students of the Defendant who attended the assembly, but his attendance was not required, and he was always free to leave. The Defendant did not interact with S.F. during the assembly and was unaware of his location in the auditorium.

63.    The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 63 of the Amended Complaint.

64.    The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 64 of the Amended Complaint.

65.    The Defendant denies the statements and allegations contained in paragraph 65 of the Amended Complaint.

66.    The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 66 of the Amended Complaint.

67.    The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 67 of the Amended Complaint.

68.    The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 68 of the Amended Complaint.

69.    The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 69 of the Amended Complaint.

70.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 70 of the Amended Complaint.

71.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 71 of the Amended Complaint.

72.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 72 of the Amended Complaint.

73.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 73 of the Amended Complaint.

74.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 74 of the Amended Complaint.

75.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 75 of the Amended Complaint.

76.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 76 of the Amended Complaint.

77.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 77 of the Amended Complaint.

78.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 78 of the Amended Complaint.

79.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 79 of the Amended Complaint.

80.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 80 of the Amended Complaint.

81.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 81 of the Amended Complaint.

82.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 82 of the Amended Complaint.

83.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 83 of the Amended Complaint.

84.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 84 of the Amended Complaint.

85.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 85 of the Amended Complaint.

86.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 86 of the Amended Complaint.

87.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 87 of the Amended Complaint.

88.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 88 of the Amended Complaint.

89.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 89 of the Amended Complaint.

90.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 90 of the Amended Complaint.

91.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 91 of the Amended Complaint.

92.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 92 of the Amended Complaint.

93.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 93 of the Amended Complaint.

94.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 94 of the Amended Complaint.

95.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 95 of the Amended Complaint.

96.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 96 of the Amended Complaint.

97.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 97 of the Amended Complaint.

98.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 98 of the Amended Complaint.

99.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 99 of the Amended Complaint.

100.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 100 of the Amended Complaint.

101.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 101 of the Amended Complaint.

102.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 102 of the Amended Complaint.

103.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 103 of the Amended Complaint.

104.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 104 of the Amended Complaint.

105.     The statements and allegations contained in paragraph 105 of Plaintiffs' Amended Complaint are admitted.

106.     In response to paragraph 106 of the Amended Complaint, the Defendant admits that Principal Gleason gave this Defendant permission to host the flagpole meetings. In further response to paragraph 106 of Plaintiffs' Amended Complaint, the Defendant denies that he, and not the students, initiated the flagpole meetings.

107.     The Defendant denies, as phrased, the statements and allegations contained in paragraph 107 of Plaintiffs' Amended Complaint. In response to paragraph 107 of the Amended Complaint, the Defendant admits to sending an e-mail on October 14, 2021, regarding a student organized and initiated event.

108.     Upon information and belief, the Defendant denies the allegations contained in Paragraph 108 of the Plaintiffs' Amended Complaint.

109.     The Defendant denies, as phrased, the statements and allegations contained in paragraph 109 of Plaintiffs' Amended Complaint.

110.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 110 of the Amended Complaint.

111.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 111 of the Amended Complaint.

112.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 112 of the Amended Complaint.

113.    The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 113 of the Amended Complaint.

114.    The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 114 of the Amended Complaint.

115.    The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 115 of the Amended Complaint.

116.    The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 116 of the Amended Complaint.

117.    The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 117 of the Amended Complaint.

118.    The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 118 of the Amended Complaint.

119.    The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 119 of the Amended Complaint.

120.    The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 120 of the Amended Complaint.

121.    The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 121 of the Amended Complaint.

122.    The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 122 of the Amended Complaint.

123.    The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 123 of the Amended Complaint.

124.    The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 124 of the Amended Complaint.

125.    The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 125 of the Amended Complaint.

126.    The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 126 of the Amended Complaint.

127.    The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 127 of the Amended Complaint.

128.    The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 128 of the Amended Complaint.

129.    The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 129 of the Amended Complaint.

130.    The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 130 of the Amended Complaint.

131.    The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 131 of the Amended Complaint.

132.    The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 132 of the Amended Complaint.

133.    In response to paragraph 133 of Plaintiffs' Amended Complaint, the Defendant submits that the Cabell County Board of Education voted to continue his employment. The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 133 of the Amended Complaint.

134.    In response to paragraph 134 of Plaintiffs' Amended Complaint, the Defendant submits that a transcript of the event described in said paragraph speaks for itself.

135.    The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 135 of the Amended Complaint.

136.    The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 136 of the Amended Complaint.

137.    The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 137 of the Amended Complaint.

138.    The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 138 of the Amended Complaint.

139.    Upon information and belief, the statements and allegations contained in paragraph 139 of Plaintiffs' Amended Complaint are denied.

140.    Upon information and belief, the statements and allegations contained in paragraph 140 of Plaintiffs' Amended Complaint are denied.

141.    The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 141 of the Amended Complaint.

142.    The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 142 of the Amended Complaint.

143.    The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 143 of the Amended Complaint.

144.    The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 144 of the Amended Complaint.

145.    The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 145 of the Amended Complaint.

146.    The statements and allegations contained in paragraph 146 of Plaintiffs' Amended Complaint are admitted.

147.    The Defendant admits the statements and allegations contained in paragraph 147 of the Amended Complaint.

148.    The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 148 of the Amended Complaint.

149.    The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 149 of the Amended Complaint.

150.    The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 150 of the Amended Complaint.

151.    In response to paragraph 151 of Plaintiffs' Amended Complaint, the Defendant admits that the Nik Walker assembly continued until conclusion. The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 151 of the Amended Complaint as to Principal Gleason's observations.

152.    The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 152 of the Amended Complaint.

153.    The statements and allegations contained in paragraph 153 of Plaintiffs' Amended Complaint are denied.

154.    The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 154 of the Amended Complaint.

155.    The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 155 of the Amended Complaint.

156.    The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 156 of the Amended Complaint.

157.    The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 157 of the Amended Complaint.

158.    The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 158 of the Amended Complaint.

159.    The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 159 of the Amended Complaint.

160.    The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 160 of the Amended Complaint.

161.    The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 161 of the Amended Complaint.

162.    The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 162 of the Amended Complaint.

163.    The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 163 of the Amended Complaint.

164.    The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 164 of the Amended Complaint.

165.    In response to paragraph 165 of the Plaintiffs' Amended Complaint, the Defendant denies any violations occurred. In further response to paragraph 165 of the Amended Complaint, the Defendant is without specific information to admit or deny statements and allegations pertaining to Cabell County Schools' customs and practices.

166.    Paragraph 166 of Plaintiffs' Amended Complaint is introductory in nature and requires no response. To the extent a response is required, the Defendant denies the statements and allegations contained in paragraph 166 of the Amended Complaint.

167.    The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 167 of the Amended Complaint.

168.    The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 168 of the Amended Complaint.

169.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 169 of the Amended Complaint, but affirmatively states that he did not and does not ask students about their religions.

170.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 170 of the Amended Complaint, but affirmatively states and he did not and does not ask students about their religions.

171.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 171 of the Amended Complaint.

172.     In response to paragraph 172 of Plaintiffs' Amended Complaint, the Defendant submits that S.F. was never "forced to attend" the Nik Walker assembly, was told by the Defendant the day before the assembly that he was not required to attend, and most of his fellow classmates elected not to attend. The Defendant did absolutely nothing to prevent S.F. from leaving during the assembly and he could have joined his three classmates who elected not to attend the assembly by joining them in the designated classroom. The Defendant is without sufficient information to admit or deny the remainder of the statements and allegations contained in paragraph 172 of the Amended Complaint.

173.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 173 of the Amended Complaint.

174.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 174 of the Amended Complaint.

175.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 175 of the Amended Complaint.

176.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 176 of the Amended Complaint.

177.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 177 of the Amended Complaint.

178.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 178 of the Amended Complaint.

179.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 179 of the Amended Complaint.

180.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 180 of the Amended Complaint.

181.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 181 of the Amended Complaint.

182.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 182 of the Amended Complaint.

183.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 183 of the Amended Complaint.

184.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 184 of the Amended Complaint.

185.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 185 of the Amended Complaint.

186.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 186 of the Amended Complaint.

187.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 187 of the Amended Complaint.

188.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 188 of the Amended Complaint.

189.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 189 of the Amended Complaint.

190.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 190 of the Amended Complaint.

191.     The Defendant is without sufficient information to admit or deny the statements and allegations contained in paragraph 191 of the Amended Complaint.

192.     Paragraph 192 of Plaintiffs' Amended Complaint is introductory in nature and requires no response. To the extent a response is required, the Defendant denies the statements and allegations contained in paragraph 192 of the Amended Complaint.

193.     In response to paragraph 193 of Plaintiffs' Amended Complaint, the Defendant incorporates by reference his responses to paragraphs 1 through 192 of Plaintiffs' Amended Complaint.

194.    The Defendant denies the statements and allegations contained in paragraph 194 of Plaintiffs' Amended Complaint.

195.    The Defendant denies the statements and allegations contained in paragraph 195 of Plaintiffs' Amended Complaint.

196.    The Defendant denies the statements and allegations contained in paragraph 196 of Plaintiffs' Amended Complaint.

197.    The Defendant denies the statements and allegations contained in paragraph 197 of Plaintiffs' Amended Complaint.

198.    The Defendant denies the statements and allegations contained in paragraph 198 of Plaintiffs' Amended Complaint.

199.    The Defendant denies the statements and allegations contained in paragraph 199 of Plaintiffs' Amended Complaint.

200.    The Defendant denies the statements and allegations contained in paragraph 200 of Plaintiffs' Amended Complaint.

201.    The Defendant denies the statements and allegations contained in paragraph 201 of Plaintiffs' Amended Complaint.

202.    The Defendant denies the statements and allegations contained in paragraph 202 of Plaintiffs' Amended Complaint.

203.    The Defendant denies the statements and allegations contained in paragraph 203 of Plaintiffs' Amended Complaint.

204.    The Defendant denies the statements and allegations contained in paragraph 204 of Plaintiffs' Amended Complaint.

205.    The Defendant denies the statements and allegations contained in paragraph 205 of Plaintiffs' Amended Complaint.

## **Request for Relief**

The Defendant denies the Plaintiffs are entitled to the relief requested in subparagraphs A through E and demands strict proof thereof.

### **THIRD DEFENSE**

Defendant reserves the right to assert the defense of estoppel.

### **FOURTH DEFENSE**

Defendant reserves the right to assert the defense of waiver.

## FIFTH DEFENSE

Defendant reserves the right to rely upon the doctrine of laches.

## SIXTH DEFENSE

Defendant reserves the affirmative defense of comparative negligence and/or fault.

## SEVENTH DEFENSE

Defendant reserves the right to assert that Plaintiffs' claimed damages are speculative and not foreseeable.

## EIGHTH DEFENSE

Defendant was always acting in good faith and is entitled to qualified immunity.

## NINTH DEFENSE

Defendant incorporates by reference every affirmative defense available to it under federal and state constitutional, statutory, and common law including, but not limited to, any and all affirmative defenses listed Rules 8, 9, 12, and 19 of the *Federal Rules of Civil Procedure* which discovery might reveal appropriate and reserves the right to assert additional defenses as Plaintiffs' claims are clarified during the course of this litigation.

## TENTH DEFENSE

Plaintiffs' Amended Complaint, claims, and damages are barred in whole or in part by the doctrine of unclean hands.

## ELEVENTH DEFENSE

At all times relevant, Defendant acted in good faith and did not violate any rights Plaintiffs may have had under federal, state, or local laws, regulations, or guidelines.

## TWELFTH DEFENSE

Plaintiffs lack standing to pursue the claims alleged in the Amended Complaint and otherwise fail to assert a justiciable "case or controversy."

## THIRTEENTH DEFENSE

The Defendant asserts that Plaintiffs' claims infringe upon rights afforded him under the United States Constitution.

**JEFF JONES**

**By Counsel**

_/s/ Ancil G. Ramey_
Jan L. Fox (WVSB #1259)
Ancil G. Ramey (WVSB #3013)
Michelle E. Gaston (WVSB #7494)
Steptoe & Johnson PLLC
Chase Tower, 17th Floor
P. O. Box 1588
Charleston, WV 25326-1588
Telephone: 304-353-8000
Facsimile: 304-353-8180
Jan.Fox@Steptoe-Johnson.com
Ancil.Ramey@Steptoe-Johnson.com
Michelle.Gaston@Steptoe-Johnson.com

19

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**Huntington Division**

**HERMAN MAYS, JR., etc., et al.,**

> *Plaintiffs,*

v.                                                    **CIVIL ACTION NO.: 3:22-cv-00085**

**THE CABELL COUNTY BOARD OF**
**EDUCATION, etc., et al.,**

> *Defendants.*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on December 27, 2022. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.

Kristina Thomas Whiteaker
The Grubb Law Group, PLLC
1114 Kanawha Boulevard East
Charleston, WV  25301

Patrick C. Elliott
Samuel Grover
Christopher Line
Freedom From Religion Foundation, Inc.
10 N. Henry Street
Madison, WI  53703

Marcus B. Schneider
Steele Schneider
420 Fort Duquesne Blvd., Suite 500
Pittsburgh, PA  15222
*Counsel for Plaintiffs*

Perry W. Oxley
David E. Rich
Brian D. Morrison
Paula Jo Roberts
Oxley Rich Sammons, PLLC
P.O. Box 1704
Huntington, WV 25718
*Counsel for Defendant Cabell Co. BOE*

          */s/ Ancil G. Ramey*
Ancil G. Ramey (WVSB #3013)